IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL HANES,                )
                             )
         Plaintiff,          )
                             )
    vs.                      )   Civil Action No. 06-1636
                             )
COMMISSIONER OF SOCIAL       )
SECURITY,                    )
                             )
         Defendant.          )

O R D E R

AND NOW, this 14th day of March, 2008, upon consideration of Defendant's Motion for Summary Judgment (document No. 12) filed in the above-captioned matter on April 12, 2007,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (document No. 10) filed in the above-captioned matter on March 21, 2007,

IT IS HEREBY ORDERED that said Motion is GRANTED in part and DENIED in part. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below

1

and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

I.  **Background**

On July 28, 2003, Plaintiff, Daniel Haines, filed his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. Specifically, Plaintiff claimed that he became disabled on May 30, 2003, due to Chron's disease and depression.[1] (R. 132, 133, 143, 378).

After being denied initially, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on November 16, 2004. (R. 88-91, 384-87, 39-67). In a decision dated May 10, 2005, the ALJ denied Plaintiff's request for benefits. (R. 73-79). However, Plaintiff appealed the ALJ's decision, and, on July 7, 2005, the Appeals Council vacated the ALJ's decision and remanded the case to the ALJ for further evaluation of the effects of Plaintiff's obesity pursuant to S.S.R. 02-1 and for the ALJ to provide rationale for his findings. (R. 86-87).

---

[1] He later claimed that his disability was also due to sleep apnea, asthma, and obesity.

2

On October 12, 2005, the ALJ held a second administrative hearing. (R. 395-428). In a decision dated April 26, 2006, the ALJ again denied Plaintiff's request for benefits. (R. 15-21). The Appeals Council declined to review the ALJ's second decision on October 12, 2006. (R. 8-11). On December 7, 2006, Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II. **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record. 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive") (quoting 42 U.S.C. § 405(g)); Schaudeck v. Commissioner of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (noting that the court has plenary review of all legal issues, and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind

might accept as adequate" to support a conclusion. <u>Plummer v. Apfel</u>, 186 F.3d 422, 427 (3d Cir. 1999). However, a "single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by counterveiling evidence." <u>Morales v. Apfel</u>, 225 F.3d 310, 317 (3d Cir. 2000). "Nor is evidence substantial if it is overwhelmed by other evidence - particularly certain types of evidence (e.g., that offered by treating physicians) - or if it really constitutes not evidence but mere conclusion." <u>Id.</u>

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him from engaging in any substantial gainful activity for a statutory twelve-month period. See <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy... .'" <u>Id.</u> at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration ("SSA") has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. §§ 404.1520, 416.920. In Step One, the

4

Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. §§ 404.1520(c), 416.920(c). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a), 416.921(a). If the claimant fails to show that his impairments are "severe," he is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. §§ 404.1520(d), 416.920(d). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his past relevant work. See 20 C.F.R. §§ 404.1520(e), 416.920(e). The claimant bears the burden of demonstrating an inability to return to his past relevant work. See Adorno v. Shalala, 40 F.3d

43, 46 (3d Cir. 1994). If the claimant is unable to resume his former occupation, the evaluation moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. §§ 404.1520(g), 416.920(g). In making this determination, the ALJ should consider the claimant's RFC, his age, education, and past work experience. Id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he is capable of performing work and is not disabled. See 20 C.F.R. §§ 404.1523, 416.923.

### III.    The ALJ's Decision

In the present case, the ALJ found that Plaintiff met the insured requirements of the Social Security Act through December 31, 2007. (R. 17). Accordingly, to be eligible for DIB benefits, Plaintiff had to establish that he was disabled on or before that date. See 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B); 20 C.F.R. §§ 404.101, .110, .131.

The ALJ then proceeded to apply the sequential evaluation process when reviewing Plaintiff's claim for benefits. In particular, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the alleged onset of disability. (R. 17). The ALJ also found that Plaintiff met the second

requirement of the process insofar as he had several severe impairments, specifically, Chron's disease, obesity, and depression. He found, however, that Plaintiff's asthma and sleep apnea did not constitute severe impairments. (R. 17-18). The ALJ concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 18-19).

The ALJ found that Plaintiff retained the RFC to engage in light work which entails occasionally lifting and carrying 20 pounds, frequently lifting and carrying 10 pounds, and standing and walking for two-thirds of an eight-hour workday. He also found that Plaintiff required ready access to restroom facilities on the same level and within a two-minute walk for an average worker. (R. 19). He further found that Plaintiff was limited to having no more than occasional interaction with the public or co-workers and to simple, routine, repetitive work. (R. 18, 19). Based on this RFC, the ALJ, after consulting with a vocational expert ("VE"), determined that Plaintiff is capable of returning to his past relevant work as an order filler. (R. 21). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 21).

### IV. **Legal Analysis**

Plaintiff raises numerous arguments as to why the ALJ erred in finding that he was not disabled. While the Court does not fully agree with the arguments set forth by Plaintiff, it does agree that substantial evidence does not support the ALJ's decision.

Specifically, the Court believes that the record is insufficient to support the ALJ's determination of Plaintiff's RFC, particularly in regard to Plaintiff's sleep apnea, and his determination that Plaintiff is able to return to his past relevant work as an order filler. Accordingly, the Court will remand the case for further consideration.

The primary reason remand is warranted in this case is due to inconsistencies between the first administrative hearing and decision in this case and the second hearing and decision. This problem manifests itself in two ways. First, the ALJ did not adequately explain his different treatment of Plaintiff's sleep apnea in his two decisions, and second, he did not discuss the fact that the VEs at the two hearings disagreed as to whether Plaintiff could return to his job as an order filler.

Although Plaintiff argues that the ALJ improperly determined that his asthma and obstructive sleep apnea were non-severe at Step Two, this is not really the issue. The Step Two determination as to whether Plaintiff is suffering from a severe impairment is a threshold analysis requiring the showing of only one severe impairment. See Bradley v. Barnhart, 175 Fed. Appx. 87, 90 (7th Cir. 2006). In other words, as long as a claim is not denied at Step Two, it is not generally necessary for the ALJ to have specifically found any additional alleged impairment to be severe. See Salles v. Commissioner of Soc. Sec., 229 Fed. Appx. 140, 145 n.2

(3d Cir. 2007); Lee v. Astrue, 2007 WL 1101281, at *3 n.5 (E.D. Pa. Apr. 12, 2007); Lyons v. Barnhart, 2006 WL 1073076, at *3 (W.D. Pa. March 27, 2006). Since Plaintiff's claim was not denied at Step Two, it does not matter whether the ALJ correctly or incorrectly found Plaintiff's asthma and sleep apnea to be non-severe.

However, even if an impairment is non-severe, it may still affect a claimant's RFC. In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, **even those that are not 'severe.'**" S.S.R. 96-8p, 1996 WL 374184 (S.S.A.), at *5 (July 2, 1996) (emphasis added). See also 20 C.F.R. §§ 404.1545(a)(2); 416.945(a)(2). "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may - when considered with limitations or restrictions due to other impairments - be critical to the outcome of a claim." S.S.R. 96-8p at *5. Accordingly, merely because the ALJ did not find Plaintiff's asthma and sleep apnea to be severe, does not mean that these conditions could not still have affected Plaintiff's RFC.

RFC is defined as "that which an individual is still able to do despite the limitations caused by his or her impairments." Fargnoli v. Massanari, 247 F.3d 34, 40 (3d Cir. 2001). See also 20 C.F.R. §§ 404.1545(a), 416.945(a). Not only must an ALJ consider all relevant evidence in determining an individual's RFC, the RFC

finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 247 F.3d at 41 (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)). "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" Id. (quoting Cotter, 642 F.2d at 705). See also SSR 96-8p, 1996 WL 374184 (S.S.A.), at *7 (July 2, 1996) ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

In regard to Plaintiff's asthma, the Court agrees with the ALJ that the record establishes that Plaintiff's asthma has no more than a minimal effect on his work capacity. It also finds the ALJ's discussion of this impairment to be adequate. However, Plaintiff's sleep apnea is a different situation. In his original, May 10, 2005 decision, the ALJ not only found Plaintiff's obstructive sleep apnea to be a severe impairment, he increased Plaintiff's exertional limitations from being limited to medium work to being limited to light work based on his sleep apnea. (R. 77). However, in his second, April 27, 2006 decision, the ALJ did not even find sleep apnea to have been a severe impairment at all. The ALJ never

acknowledged in his second opinion that he had treated Plaintiff's sleep apnea differently in his first opinion, nor does he provide explanation for this disparity.

The ALJ relied on a single exhibit in determining that Plaintiff's sleep apnea was non-severe, a March 22, 2005 letter from Dr. Bharat Jain, M.D., which states that Plaintiff "is using the [CPAP] machine on a regular basis and seems to have noticed continued improvement." (R. 367).[2] He cited no other evidence which would support his findings regarding Plaintiff's sleep apnea. While it may be that Plaintiff has experienced "continued improvement" in regard to his sleep apnea, the evidence relied upon by the ALJ does not indicate how much improvement Plaintiff has experienced, or how that improvement has impacted his ability to engage in work-related activities. In his original opinion, the ALJ apparently believed Plaintiff's sleep apnea was severe enough to reduce him from medium to light work. Moreover, while Dr. Jain's letter was apparently not part of the record of the first hearing, it did actually predate the May 10 decision. The ALJ simply did not address these issues.

As discussed, the ALJ dismissed Plaintiff's sleep apnea as non-severe at Step Two. Apparently, he believed that this was sufficient to explain why this condition no longer affected

---

[2] Although the ALJ refers to Exhibit 19F in his decision, it is apparent that he is actually referring to Exhibit 15F.

Plaintiff's RFC, although he had found that it did in May of 2005. However, as also has been discussed, a finding of non-severe at Step Two does not preclude a condition from impacting a claimant's RFC. Since this particular condition had previously affected Plaintiff's RFC, the ALJ should have discussed why this was no longer the case, regardless of his Step Two finding. This is particularly so considering that the ALJ seemed to substitute Plaintiff's obesity, the consideration of which was the basis of the first remand, for sleep apnea in reducing Plaintiff from medium to light work in his second decision. (R. 19).

The Court expresses no opinion as to whether the ALJ's RFC determination, including his treatment of Plaintiff's sleep apnea, **could** be supported by the record. It is the lack of meaningful explanation that mandates the remand in this case. It could well be that the improvement experienced by Plaintiff as a result of the CPAP machine establishes that his sleep apnea no longer necessitates that his exertional level be altered by one level. However, this Court cannot make any such decision until it has the ALJ's analysis to review.

The second problem with the ALJ's decision is that, in finding that Plaintiff was capable of returning to his past relevant work as an order filler, he ignored the fact that the two VEs in this case gave different opinions on this topic. At the first hearing, the VE opined, based on essentially the same RFC

established at the second hearing, that Plaintiff could not return to his previous job as an order filler (called an order picker in the transcript) because the job would take Plaintiff too far away from the toilets. (R. 61). Indeed, in his May 10, 2005 decision, the ALJ specifically found that Plaintiff could no longer engage in that work. (R. 77).

The VE at the second hearing opined that Plaintiff could, given his RFC, perform the duties of an order filler. (R. 421). The ALJ relied on this opinion in determining that Plaintiff could, indeed, return to this job. However, he never discussed the fact that the VE at the previous hearing had opined differently, even though the concern of the first VE, proximity to restroom facilities, was still a concern at the second hearing. Where, as here, there is conflicting evidence in the record, the ALJ must explain which evidence he accepts and rejects and the reasons for his determination. See Cruz v. Commissioner of Soc. Sec., 244 Fed. Appx. 475, 479 (3d Cir. 2007) (citing Hargenrader v. Califano, 575 F.2d 434, 437 (3d Cir. 1978)). See also Fargnoli, 247 F.3d at 42. The ALJ here failed to do so.

Again, the Court is not saying that the ALJ was obligated to give greater weight to the first VE than to the second. Rather, their different opinions as to whether Plaintiff could perform the duties of an order filler created a conflict in the record that the ALJ was obligated to resolve.

In remanding this case, the Court is cognizant of the fact that this case has already been remanded once before and that it is now well over four years old. However, the record simply does not allow the Court to reverse the ALJ's decision and award benefits. First, for the reasons discussed above, the administrative record has not been fully developed. In any event, the Court cannot find that substantial evidence in the record as a whole indicates that Plaintiff is disabled and entitled to benefits. See Podedworny v. Harris, 745 F.2d 210, 221-22 (3d Cir. 1984). However, while, as stated, the Court does not necessarily agree with all of the arguments raised by Plaintiff, the Court emphasizes that all credibility determinations, Step Two analysis, evaluation of listings, RFC determinations, and all other analysis must be done in accordance with the applicable law so as to alleviate any need for any further remands. The Court believes that the ALJ who has handled this matter is more than capable of continuing to handle the case, and accordingly, denies Plaintiff's request that the case be remanded to a different ALJ.

**V.      Conclusion**

In short, the record simply does not permit the Court to determine whether the ALJ's determination of Plaintiff's RFC, particularly in regard to Plaintiff's sleep apnea, and his determination that Plaintiff can return to his past relevant work as an order filler are supported by substantial evidence, and,

14

accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

                                             /s/ J. McVerry
                                    United States District Judge
                                     (for Judge Alan N. Bloch)

ecf:       Counsel of record